UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTHA L. BRYANT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 3:05-0840 |
| | ) JUDGE ECHOLS |
| DOLLAR GENERAL CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM

Pending before the Court is Plaintiff Martha L. Bryant's Motion for Award of Attorney's Fees, Costs and Expenses (Docket Entry No. 88), to which Defendant Dollar General Corporation has responded in opposition.

Plaintiff seeks compensation for 361.4 hours of attorney time at the rate of $225 per hour, for a total of $81,315.00. In addition, Plaintiff seeks $3,631.35 for costs and expenses incurred in litigating this action. Thus, Plaintiff seeks a total of $84,946.35 in attorney's fees and costs.

Defendant challenges the attorney's fee request on several grounds and asserts the fees should be "significantly" reduced. The Court will address separately each defense objection.

### I. STANDARD OF REVIEW

The Family and Medical Leave Act ("FMLA") provides that "[t]he court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee . . . and

1

other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). To determine the reasonable amount of attorney's fees to be awarded, the Court must first determine the "lodestar," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

Id. at 415-416.

The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Id. at 416 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)). "Where a plaintiff has obtained excellent results, h[er] attorney should recover a fully compensatory fee; if a plaintiff obtains 'limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.'" Id. A reduction in attorney's fees should be "applied only in rare and exceptional cases where specific evidence in the record requires it." Id.

2

## II. ANALYSIS

### A. Reasonable hourly rate

Plaintiff seeks $225.00 per hour in fees for the work performed by her counsel, Douglas B. Janney III ("Janney"). Defendant does not object to this rate and the Court finds it to be reasonable.

Janney has practiced law since May 1998 and is presently a solo practitioner, having previously been employed as a litigation associate for two Nashville law firms. He specializes in employment litigation, mostly on a contingency fee basis. When he does charge by the hour, his rates are usually $200 to $250 per hour.

Janney's requested hourly rate of $225.00 is supported by the affidavits of Stephen W. Grace ("Grace") and Charles P. Yezbak III ("Yezbak"). Both are Nashville attorneys who specialize in employment litigation and both assert that an hourly rate of $225.00 for Janney's background and experience is reasonable in the Nashville marketplace.

Having reviewed the affidavits submitted, considering Janney's experience, and based upon the Court's own knowledge of the hourly rates charged for legal services in the Nashville community, the Court finds that $225.00 per hour is a reasonable hourly rate for the attorney work performed in this case. Accordingly, Janney will

be awarded attorney fees in the amount of $225.00 for hours reasonably expended and properly documented in this case.

**B. <u>Hours billed</u>**

Defendant raises several objections to the number of hours billed by Janney. Specifically, Defendant asserts that the number of hours should be reduced to the extent that they are unreasonably excessive, utilize improper block billing, and encompass clerical tasks.

    **1. Unreasonably excessive charges and clerical tasks**

Defendant claims that the following "expenditure of this many hours on these tasks is exorbitant on its face":

> "4.0 hours (or $900) on October 21, 2005, for drafting a simple, four page complaint;
>
> "23.8 hours (or $5,355) on July 2, 2006 through July 7, 2006, for "reviewing" and "summarizing" deposition transcripts, apparently in preparation to respond to Defendant's summary judgment motion, which had been filed on June 23, 2006;
>
> " Another 46.0 hours (or $10,350) on July 10, 2006, through July 14, 2006, responding to Defendant's summary judgment motion, including related research;
>
> " 19.0 hours (or $4,275) on December 8, 2006 through December 21, 2006, preparing Plaintiff's motion for attorney's fees and related filings.

(Docket Entry No. 99 at 2-3).

The Court partially agrees with the Defendant that some of the hours listed above are excessive in light of the work performed. Specifically, the Court finds that the 4.0 hours spent on drafting the Complaint is excessive inasmuch as the Complaint is a

relatively simple recitation of Plaintiff's version of the facts and spans only four pages. Instead of four hours for drafting the Complaint, the Court will award three hours.

Further, the Court finds that 23.8 hours spent reviewing and summarizing the deposition testimony in this action to prepare for the response to Defendant's Motion for Summary Judgment should not be allowed for two reasons. First, summarizing the depositions is more in the line of a clerical function which could have been easily handled by a paralegal. Second, although the Court recognizes that review of the depositions was necessary to properly respond to the Motion for Summary Judgment, Plaintiff has separately billed 46.0 hours for responding to the Motion for Summary Judgment and the Court deems this sufficient to accomplish both tasks. While Defendant objects to 46.0 hours as excessive the Court does not find it to be so in light of the voluminous evidence which was presented and the number of arguments raised by Defendant in its Motion for Summary Judgment. The 46.0 hours billed in responding to the Motion for Summary Judgment adequately compensates Plaintiff for the work which was performed, including the amount of time necessarily spent in reviewing the deposition testimony in this case.

Plaintiff's request for 19.0 hours for preparation of the Motion for Attorney's Fees is, as Defendant asserts, excessive under the Sixth Circuit's decision in <u>Coulter v. State of</u>

Tennessee, 805 F.2d 146 (6th Cir. 1989). In that case, the court found that, while it is permissible for attorneys to seek fees for filing a petition for attorneys fees, "in the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary." Id. at 151. In other words, the "general rule is that, in the absence of unusual circumstances, the 'fees for fees' recovery should not exceed three percent of the hours in the main case which is decided without a trial." Auto Alliance, Inc. v. United States Customs Serv., 155 Fed. Appx. 226, 229 (6th Cir. 2005).

Here, the underlying action was decided after a jury trial, meaning that the general rule calls for a five percent cap on the "fees for fees" petition. The total number of hours sought is 361.4. However, Plaintiff's attorney now seeks 19.0 hours, or approximately 5.25% of the hours spent on the case as a whole. Accordingly, the Court will reduce the fee request for work performed in requesting fees to 5% of the total amount of fees awarded.

Based upon the foregoing, the Court will reduce Plaintiff's fee request in relation to the drafting of the Complaint by $225.00. The Court will further reduce the fee request by

$5,355.00 for the 23.8 hours counsel spent on reviewing and summarizing the depositions in preparation for responding to the Motion for Summary Judgment. Combined, these deductions reduce the fee award thus far by $5,580.00 to $75,735.00 ($81,315.00 - $5,580.00 = $75,735.00). Further, because Plaintiff's request for $4,275.00 for 19.0 hours spent preparing the request for attorney's fees is excessive under Coulter, that amount will be reduced from the total, making the award (without any amount for requesting attorney fees) $71,460.00. Plaintiff will receive an award of 5% of the total fee award in pursuing her "fee for fee" petition.

**2. Block Billing**

Defendant further seeks to reduce Plaintiff's request for attorney's fees for what it deems to be improper billing. Specifically, Defendant objects to the following entries:

> " 8.5 hours (or $1,912.50) on 9/18/06 for "Drafting responses to Def's motions in limine; drafting and revising joint proposed jury instructions."
>
> " 9.0 hours (or $2,025) on 9/19/06 for "Reviewing and revising joint jury instructions; review and revising joint pretrial order; drafting responses to motions in limine; drafting plaintiff's proposed jury instructions."
>
> " 14.0 hours (or $3,150) hours on 9/20/06 for, "Revise and finalize joint jury instructions and pretrial order; draft, review and revise response to Def's objections to Judge Griffin's order granting Pl's motion to compel; review and revise Pl.'s proposed jury instructions; draft Pl's proposed verdict from; draft, review and revise Pl's witness list and exhibit list; draft Pl's brief on recoverable damages; review Def's brief on damages, witness and exhibit list, and response to Pl's motion in limine; finalize responses to Def's motion in limine;

> draft, review and revise response to Def's request for bifurcation.
>
> " 12.0 hours (or $2,700) on 10/26/06 for, "Preparing witness examination questions; reviewing trial exhibits and deposition testimony; preparation for trial."
>
> "12.0 hours on 10/27/06 for, "Same as above."

(Docket Entry No. 99 at 4-5).

In support of its assertion that Plaintiff's fees should be reduced for block billing, the Defendant points to the Supreme Court's decision in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) for the proposition that the party seeking fees has the "burden of proving every element of his claimed fee including the basic time and rate elements of the lodestar." (Docket Entry No. 99 at 3). While that is true, the Supreme Court also observed in <u>Hensley</u> that "Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended," but rather "should identify the general subject matter of his time expenditures." <u>Hensley</u>, 461 U.S. at 437 n.12.

Contrary to what Defendant appears to suggest, "although 'block billing' does not provide the best possible description of attorney's fees, it is not a prohibited practice." <u>Farfaras v. Citizens Bank and Trust of Chicago</u>, 433 F.3d 558, 569 (7th Cir. 2006). The ultimate question is whether the records submitted in support of a fee request sufficiently allow the court to determine the time allotted by Plaintiff's attorney to specific tasks and the

reasonableness of that time. <u>Cadena v. Pacesetter Corp.</u>, 224 F.3d 1203, 1215 (10th Cir. 2000). As one court has noted:

> In examining the fee petition and evaluating the reasonableness of the hours claimed, it is essential for the trial Court to be practical and realistic about how lawyers actually operate in their day-to-day practice. Many of the specific items that the District of Columbia claims are vague, inadequate or unclear because of block billing are of relatively minor significance. While there is no question that lawyers should identify the project they are working on (such as a letter, a brief, consultation with co-counsel, etc.), if they have to document in great detail every quarter hour or half hour of how they spend their time on civil rights cases, two undesirable results will follow: their fee petitions will be higher, and the lawyers will simply waste precious time doing menial clerical tasks.
> When a lawyer writes, for example, that she spent six or eight hours in one day "researching and drafting" a brief dealing exclusively with issues on which her client has ultimately prevailed, there is certainly no need for her to itemize every case she looked up or every paragraph she labored over. Trial courts must recognize how lawyers work and how they notate their time. It must be remembered that the ultimate inquiry is whether the total time claimed is reasonable.

<u>Smith v. District of Columbia</u>, 466 F.Supp.2d 151, 158 (D.D.C. 2006).

In this case, Defendant has identified 55.5 hours of block billed time. For the most part, the items which are block billed appear reasonable in light of the tasks performed. However, to allay "suspicions about whether all of the work claimed was actually accomplished or whether it was necessary," <u>Torres-Rivera v. Espada-Cruz</u>, 2007 WL 906176 at *2 (D.P.R. 2007), the Court will reduce the objected to hours by 11.0 hours which is approximately 20% of the blocked billed hours. <u>See</u>, <u>id</u>. (reducing total fee

9

award by 15% to account for block billing); Synagro Technologies, Inc. v. GMP Hawaii, Inc., 2007 WL 851271 at *13 (D. Hawaii, 2007)(reducing blocked billed hours by "approximately" 5%); Phoenix Four, Inc. v. Strategic Resources Corp., 2006 WL 2135798 at *3 (S.D.N.Y. 2006)(fee award reduced by 25% for block billing). Accordingly, Plaintiff's fee award will be reduced by $2,475.00 (11 hours x $225 per hour) to account for block billing.

## C. **Results Obtained**

In her Complaint, Plaintiff set forth four different causes of action: (1) a claim under the Americans With Disabilities Act ("ADA"), asserting that Plaintiff was terminated because Defendant erroneously perceived that Plaintiff was substantially limited in the activity of working; (2) a claim that Defendant failed to provide a reasonable accommodation to Plaintiff's perceived disability; (3) a claim that Defendant subjected Plaintiff to a hostile work environment under both the ADA and the FMLA; and (4) a claim that Defendant terminated Plaintiff in retaliation for taking leave under the FMLA. This Court granted summary judgment as to the first three of these claims, dismissing Plaintiff's ADA termination claim, her failure to accommodate claim, and her harassment claim. Given that three out of four of Plaintiff's claims were dismissed, Defendant argues that the attorney's fees should be reduced accordingly.

Insofar as Defendant is suggesting Plaintiff's fees should be reduced by seventy-five percent because three of her four claims were dismissed, that suggestion is not supported by Sixth Circuit case law, nor does it make much sense under the facts and circumstances of this case. Plaintiff was entitled to collect only once for her damages, regardless of her separate causes of action. She succeeded on one of her claims and was awarded damages as determined by the jury. "[A] court should not reduce attorney fees based on a simple ratio of successful claims to claims raised." Deja Vu of Nashville, Inc. v. Metropolitan Gov't. of Nashville & Davidson County, 421 F.3d 417, 420 (6th Cir. 2005). Instead, "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." Id. This is because "litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee" because "result is what matters." Id. Therefore, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," Hensley, 461 U.S. at 435, keeping in mind "that a reduction in attorney fees is to be

11

applied only in rare and exceptional cases where specific evidence in the record requires it." Isabel, 404 F.3d at 413.

In this case, all of Plaintiff's claims were based upon a common core of facts relating to Defendant's treatment of Plaintiff after becoming aware of Plaintiff's health conditions. While she ultimately prevailed on only one of her claims, she received a substantial jury award of $73,942.68. This Court thereafter doubled the award after concluding that the evidence supported Plaintiff's claim for liquidated damages. (Docket Entry No. 105). The amount of fees requested is not excessive in terms of the results obtained.

There is a "strong presumption" which "favors the prevailing lawyer's entitlement to his lodestar fee" and thus "'where a plaintiff has obtained excellent results, h[er] attorney should recover a fully compensatory fee.'" Adcock-Ladd v. Sec. of Treasury, 227 F.3d 343, 349-50 (6th Cir. 2000)(quoting, Hensley, 461 U.S. at 435). The Court finds no reason to ignore the strong presumption in this case and therefore the lodestar amount will not be further reduced because of the results achieved in the case.

**D. Summary of Attorney's Fee Award**

In summary, Plaintiff seeks attorney's fees based upon 361.4 hours at $225.00 per hour. While the hourly rate of $225.00 hours will be awarded, the number of hours will be reduced by 54.8 hours (24.8 hours for excessive charges in drafting the complaint and

reviewing deposition testimony + 11 hours to account for block billing + 19 hours related to preparing the fee request). With these adjustments, the total is $68,985.00 (306.6 hours at $225.00 per hour). To this amount must be added the 5% ($3,449.25) allowed for pursuing the request for attorney's fees, meaning that Plaintiff will be awarded a total of $72,434.25 in attorney's fees.

**E. Motion for Costs**

In addition to attorney's fees, Plaintiff has moved for costs and expenses of $3,631.35. However, Plaintiff has also filed a Bill of Cost for the same items and since the filing of her Motion for Attorney's Fees, Costs and Expenses, the Clerk has entered a Final Taxation of Costs in the amount of $3,475.99 (Docket Entry No. 115). The Clerk properly did not award the costs for meals ($41.29), parking ($58.00), or mileage ($56.07) under 28 U.S.C. §1920.

While amounts paid for meals, parking and mileage are not costs within the meaning of Section 1920, they may be awarded as reasonable out-of-pocket litigation expenses which would be charged to a fee-paying client. LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 762 (2nd Cir. 1998); Parker v. Town of Swansea, 310 F.Supp.2d 376, 400 (D. Mass. 2004). Accordingly, Plaintiff will be awarded $155.36 as additional out-of-pocket litigation expenses.

### III. CONCLUSION

The Court finds that Plaintiff is entitled to a fully compensatory fee in the amount of $72,434.25, plus $155.36 in litigation expenses.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE